IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OSCAR PRENTICE MCDOWELL,

    Plaintiff,

v.          CASE NO. 4:11-cv-220-RH-GRJ

EDWARD HAM, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Limestone Correctional Institution in Harvest, Alabama, has filed a complaint pursuant to 42 U.S.C. § 1983 against four defendants alleging that his civil rights were violated in connection with a 2008 arrest in Cottonwood, Alabama. (Doc. 1.) Plaintiff alleges that he was arrested at an IGA Supermarket in Cottonwood, Alabama on October 16, 2008 by Defendants Police Chief Jimmy Smith and Officer James Andrews of the Cottonwood Police Department. Plaintiff further alleges that Defendant Edward Ham talked to Defendants Smith and Andrews while Ham was en route to the IGA store from Bascom, Florida. Upon Ham's arrival, Ham allegedly assaulted Plaintiff while Smith and Andrews held Plaintiff's arms. According to Plaintiff, Defendant Roscoe Reagan, manager of the IGA store, shouted racial epithets at Plaintiff while the assault was taking place. Plaintiff claims that the actions of Defendants violated Plaintiff's rights under the Eight Amendment and violated

his due process rights.[1]

In February 2009 Plaintiff filed a virtually identical lawsuit in this District against the same Defendants. *See,* case no. 5:09-cv-31-MCR-MD. The events described in the Second Amended Complaint in that action were similar to the events Plaintiff alleges in his complaint in this action. (5:09-cv-31-MCR-MD, Doc. 18.) The Court dismissed the previously filed action on April 7, 2010 because Plaintiff failed to keep the Court apprised of his current address and failed to prosecute the action despite numerous orders from the Court directing him to do so. (5:09-cv-31-MCR-MD Doc. 56.)

Although this case is a carbon copy of the previously dismissed case, venue in this case is not properly laid in the Northern District of Florida because this case should have been filed in the Middle District of Alabama.

Venue is proper in a civil action, as here, which is not founded solely on diversity, only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Venue is not properly laid in the Northern District of Florida under Section 1391(b) because all of the Defendants do not reside in the same state and this case does not involve the situation where there is no district in which the action may be brought.

With regard to venue under § 1391(b)(1) – the provision which authorizes venue

---

[1] Plaintiff's claim for excessive force should be brought under the Fourteenth Amendment and not the Eighth Amendment because the Eighth Amendment is applicable only to conduct occurring while an individual is serving a prison sentence. The events in this case occurred before Plaintiff was incarcerated.

*Case No: 4:11-cv-220-RH-GRJ*

where one defendant resides if all of the defendants are residents of the same state – Defendant Ham is a Florida resident while the three remaining Defendants are residents of Cottonwood, Houston County, Alabama. As such, § 1391(b)(1) is not applicable because at least one of the Defendants resides in a different state.

Section 1391(b)(2) is, however, applicable. That section provides that venue is proper where a substantial part of the events giving rise to the claims occurred. Based upon the allegations in the Complaint it is evident that all of the events in this case took place in Cottonwood, Alabama. Cottonwood is where the Plaintiff alleges he was the subject of excessive force and is the location where all of the Defendants, other than Defendant Ham, reside.[2] Thus, proper venue in this action is in the Middle District of Alabama. Because venue is proper in the Middle District of Alabama – where all of the events occurred – §1391(b)(2) applies in this case.

Section 1392(b)(3) does not apply because that provision is only applicable when there is no district in which the action may otherwise be brought. *See* 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN., FEDERAL PRACTICE AND PROCEDURE § 3806.2 (4th ed. 2009)("To avoid the possibility of venue gaps, the general venue statute contains a fallback provision that can be used *when, and only when,* there is no district in which a case otherwise could be brought in accordance with the venue statutes.")(emphasis supplied). Thus, because this action could have been brought in the Middle District of Alabama, where all of the events occurred, § 1391(b)(3) does not apply in this case.

---

[2] Despite the fact that Ham is a resident of Florida Plaintiff alleges he was assaulted by Ham in the Middle District of Alabama.

*Case No: 4:11-cv-220-RH-GRJ*

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  In view of the fact that the Plaintiff is proceeding *pro se,* and the case was just filed, transfer of this case rather than dismissal would be in the interests of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1406(a) this case should be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Southern Division.

At Gainesville, Florida, this 23rd day of May, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:11-cv-220-RH-GRJ*